**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CAILLOUET LAND CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-10533** |
| **CHEVRON PIPE LINE COMPANY, CHEVRON U.S.A. INC., CHEVRON U.S.A. PRODUCTION COMPANY, ENVIRONMENTAL SAFETY AND HEALTH CONSULTANTS, AMERICAN POLLUTION CONTROL CORPORATION, TRUSSCO INC., PHILIP SERVICES CORPORATION** | **SECTION "L"** <br><br> **MAGISTRATE DIV. 5** |

**ORDER AND REASONS**

Before the Court is a Motion to Remand filed by Plaintiff Caillouet Land Corporation ("CLC"). (Rec. Doc. No. 5). CLC argues that there is incomplete diversity between the parties and that additionally, removal of the case to federal court was untimely under the Federal Rules of Civil Procedure. Defendants Chevron Pipeline Company and Chevron U.S.A. Inc., individually and on behalf of Chevron U.S.A. Production Company (collectively, "Chevron"), filed an opposition to the motion claiming that CLC has not established a cause of action against Defendants American Pollution Control Corporation ("AMPOL"), Environmental Safety & Health Consultants, Inc. ("ES&H"), Trussco, Inc. ("Trussco"), and Philip Services Company ("P.S.C.") and therefore improperly joined these Defendants to defeat removal. (Rec. Doc. No. 9). The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised and ready to rule.

I.      BACKGROUND

Chevron owns and operates a facility in Lafourche Parish, Louisiana.  This facility, known as "Fourchon Terminal," consist of a production and tank yard and numerous pipelines and flow lines, and are adjacent to CLC's property.  (Rec. Doc. No. 1).  According to a report made by Chevron, on about August 29 or 30, 2005, high water washed ashore as a result of Hurricane Katrina and reached Fourchon Terminal.  The water lifted a water tank at the Fourchon Terminal, moving it across the facility and breaking oil-bearing equipment such as flow lines and valves.  Oil spilled from broken pipes, fixtures and other equipment belonging to Chevron and flowed onto CLC's nearby property.  The oil allegedly saturated soil and vegetation on CLC's property, killing and damaging the vegetation, contaminating the soil, and upsetting the property's environment and ecology.  Following the spill, Chevron engaged AMPOL, ES&H, Trussco, and P.S.C. to contain and clean up the oil.

On August 28, 2006, CLC filed a complaint in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, against Chevron, AMPOL, ES&H, Trussco, and P.S.C., alleging that the clean-up operations caused damage to its property and vegetation and exacerbated the conditions created by the oil spill.  (Rec. Doc. 1, ¶11).  CLC further claims that the Defendants' clean-up was insufficient and additional work must be done to remove the petroleum contamination from its property.

On November 22, 2006, Chevron removed the case to this Court, on grounds that jurisdiction existed due to diversity of citizenship, 28 U.S.C. § 1332, because AMPOL, ES&H. Trussco, and P.S.C. were improperly joined for purposes of defeating jurisdiction.  On December 19, 2006, CLC filed the instant Motion to Remand.

## II.     IMPROPER JOINDER

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).  This Court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction.  *See* 28 U.S.C. § 1359.

The Fifth Circuit has a well established standard for determining when a defendant has been fraudulently joined.  To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Illinois Railroad Co.*, 352 F.3d 220, 222-23 (5th Cir. 2003); *see also B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine whether "there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'"  *Smallwood,* 352 F.3d at 223 (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law."  *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, at *2 (E.D. La.  Dec. 18, 1997) (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).

A party is considered fraudulently joined when the plaintiff has not or cannot state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Burkhalter v. State Farm Fire and Cas. Co.*, 2007 WL 925856, at *1 (E.D. La. Mar. 23, 2007); *see also Englande v. Glaxo Smithkline*, 206 F.Supp.2d 815, 817 (E.D. La. 2002) (citing *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F.Supp.2d at 819 (citing *B., Inc.*, 663 F.2d at 545). To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Id.* at 816 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)). Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. *Id.* at 817. Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one. *Smallwood*, 352 F.3d at 222.

In this case, Chevron based its removal on diversity of citizenship, alleging that the non-diverse named co-Defendants, AMPOL, ES&H, Trussco, and P.S.C., were improperly joined by CLC for the purpose of defeating federal jurisdiction because no proper cause of action lies against those entities. However, CLC alleges that it states an actionable claim against those named Defendant clean-up contractors because Louisiana law does provide landowners a cause of action for trespass and for property damage.

Chevron argues that La. Rev. Stat. § 30:2466 provides immunity to those clean-up contractors, precluding them from liability. This provision states in pertinent part:

> Notwithstanding any other provision of law, *and except for the responsible person, no person, including any discharge cleanup organization*, that voluntarily, pursuant to or consistent with the national contingency plan or the state oil spill contingency plan, or pursuant to or consistent with any response plan required under this Chapter, or pursuant to or consistent with the request or direction of an authorized federal or state official, or pursuant to or consistent with the request of the potentially responsible person, *renders care, assistance, or advice in abating, containing, removing, cleaning up, or otherwise responding to pollution from an unauthorized discharge or threat of discharge of oil or refined petroleum products is liable for removal costs, damages, or civil penalties*, whether under this Chapter or other laws of this state, resulting from acts or omissions committed in rendering such care, assistance, or advice. *This Section shall not apply to actions for personal injury or wrongful death or for acts or omissions of gross negligence or willful misconduct.* A party responsible for the initial damage is liable for any removal costs or damages for which another person is relieved under this Subsection.

La. Rev. Stat. § 30:2466 (emphasis added).

The above provision clearly states that no person, including a cleanup organization, who "renders care, assistance, or advice in abating, containing, removing, cleaning up, or otherwise responding to pollution from an unauthorized discharge or threat of discharge of oil or refined petroleum products is liable for removal costs, damages, or civil penalties," except for claims of wrongful death, personal injury, gross negligence, or willful misconduct. *Id*.

CLC's state court petition does not assert any allegations of gross negligence, willful misconduct, or personal injury against the defendant clean-up contractors. (Rec. Doc. No. 5). In fact, it is only in CLC's reply to Chevron's opposition that it states that CLC can "establish a prima facie case of willful misconduct" and alleges that Chevron and its contractors were guilty "of activities that constitute gross negligence and/or intentional misconduct." (Rec. Doc. No. 16). At the time of removal, the only claims that existed included claims of general negligence for property damage and for trespass. Even if proven true, these allegations are insufficient to

overcome the immunity granted by law under La. Rev. Stat. § 30:2466.

CLC attempts to argue that its property includes waterways both in the harbor and the marsh area, and that on at least one occasion, a skimmer boat and two vehicles associated with it were observed trespassing on CLC property in an area unaffected by the spill.  (Rec. Doc. No. 16).  CLC argues that La. Rev. Stat. § 30:2466 has not been applied to situations in which "the tortuous offense did not involve affected property and took place when the tortfeasor was not involved in the work of a clean-up." *Id*.

However, this argument is flawed.  Mr. Leonard Chauvin, the engineer upon whose affidavit CLC relies, stated that "[he] observed a skimmer boat that had been involved in the clean-up but was not in operation...[he] spoke with personnel connected with the boat who indicated that they had driven a truck and an automobile on to CLC's private property for close access to the boat and they acknowledged that they did not have consent of CLC to use or occupy its property." *Id*.  These actions of the Defendant contractors were related to the cleanup process and therefore fall within the purview of the statute.

Relevant jurisprudence states that  "[i]f there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable, not merely theoretical." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)) (emphasis added; internal citations and quotations omitted).  In this instance, given the facts involved, the possibility of recovery against immunized clean-up contractors is not reasonable.

CLC's claims of negligence and trespass against the clean-up contractors are not

actionable in light of the provisions of La. Rev. Stat. § 30:2466.  Therefore, because Defendants AMPOL, ES&H, Trussco, and P.S.C. were improperly joined in this case, complete diversity exists between CLC, a Louisiana resident, and the Defendant Chevron entities, none of which are Louisiana residents.

## III.    CONSENT TO REMOVAL

CLC argues that remand is proper because not all Defendants in the matter agreed to removal of the case to federal court.  Under the "rule of unanimity" established by Fifth Circuit jurisprudence, all defendants are required to join in the notice of removal within the thirty-day period prescribed for removal.  *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1998).  While the thirty-day time limit is not jurisdictional, it is mandatory and therefore strictly construed. *Id.* at 1263.  However, federal jurisprudence also establishes that an improperly joined or served defendant need not join in a notice or petition for removal.  *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (noting that "application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.")

Therefore, the fact that all Defendants in this case did not join in removal is not a procedural bar to the case's removal, as the Court has determined that the parties that did not join in the removal of the case were improperly joined.

## IV.    TIMELY REMOVAL

CLC also contends that Chevron's removal was untimely.  (Rec. Doc. 5-2).  According to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within

thirty days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1146(b).  In this case, clean-up contractor Defendant AMPOL was served with citation and suit papers on October 19, 2006.  Therefore, CLC claims that Monday, November 20, 2006 was the last day on which removal could have been timely filed.  The Court record plainly shows that Chevron's removal was filed on November 22, 2006.

Chevron argues that the thirty day time limit prescribed in section 1446(b) is not an absolute bar to removal when it is sought on the ground that some Defendants have been joined fraudulently to prevent removal.  *See* 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3732, at 330-31 & n.58 (3d. ed. 1998); *see also United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).  Therefore, Chevron concludes that the thirty day deadline set forth in 28 U.S.C. § 1446(b) should not apply to the improperly-joined defendant cleanup contractors.

The Fifth Circuit has noted that there are instances where there may be "equitable reason[s]" why the limit should not be applied.  *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).  The court in *Brown* noted that, "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served."  *Id*.  However, in this case, Chevron was not a "later-joined" defendant and was served within the original thirty day allowance for removal.  In fact, on November 9, 2006, Chevron filed a Motion for Extension of Time in state court, seeking an extension of its deadlines for responsive pleadings.  (Rec. Doc. No. 1-2, p. 59).  Chevron was aware of its involvement in the suit and was already taking steps in its defense.  While Chevron's removal

was based on the theory of improper joinder, the "first served" defendant rule is clear.

The Fifth Circuit has declared the importance of following the general "first served" rule, regardless of its potential unfairness. In *Brown*, the court held that a newly-added defendant could not remove to federal court despite the fact that it had not been named in the suit until years after the original service of process. *Id.* at 481-82. The court noted that "[i]n absence of waiver of the time limit by the plaintiff, or some equitable reason why that limit should not be applied, however, a defendant who does not timely assert the right to remove loses that right." *Id*. at 481. The court declined to extend the time limit under a theory of equity, because the evidence did not establish that the plaintiff failed to name the defendant in a bad faith effort to prevent removal. *Id*. at 482.

In this case, Chevron was clearly served within the thirty days after the first served defendant. It had the opportunity to file its Notice of Removal timely, even without the concurrence of the other Defendants, as they were improperly joined. There is no sufficient equitable reason why Chevron should be allowed to avoid the consequences of its failure to file its Notice of Removal in a timely manner, as prescribed by the Federal Rules.

V.  **CONCLUSION**

Accordingly, CLC's Motion to Remand is GRANTED, and the case is hereby REMANDED to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana

New Orleans, Louisiana, this 3rd day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE