UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAILLOUET LAND CORPORATION | CIVIL ACTION |
| VERSUS | NO. 06-10533 |
| CHEVRON PIPE LINE COMPANY, CHEVRON U.S.A. INC., CHEVRON U.S.A. PRODUCTION COMPANY, ENVIRONMENTAL SAFETY AND HEALTH CONSULTANTS, AMERICAN POLLUTION CONTROL CORPORATION, TRUSSCO INC., PHILIP SERVICES CORPORATION | SECTION "L"  MAGISTRATE DIV. 5 |

**ORDER AND REASONS**

Before the Court is Defendants Chevron Pipe Line Company's and Chevron U.S.A. Inc.'s, individually and on behalf of Chevron U.S.A. Production Company (collectively, "Chevron") Motion for New Trial and/or Reconsideration of Remand Order (the "Motion") (Rec. Doc. No. 18). For the following reasons, the Motion is DENIED.

**I.      Factual and Procedural Background**

Chevron owns and operates a facility in Lafourche Parish, Louisiana. This facility, known as "Fourchon Terminal," consists of a production and tank yard and numerous pipelines and flow lines, and are adjacent to CLC's property. (Rec. Doc. No. 1). According to a report made by Chevron, on about August 29 or 30, 2005, high water washed ashore as a result of Hurricane Katrina and reached Fourchon Terminal. The water lifted a water tank at the Fourchon Terminal, moving it across the facility and breaking oil-bearing equipment such as

flow lines and valves.  Oil spilled from broken pipes, fixtures and other equipment belonging to Chevron and flowed onto CLC's nearby property.  The oil allegedly saturated soil and vegetation on CLC's property, killing and damaging the vegetation, contaminating the soil, and upsetting the property's environment and ecology.  Following the spill, Chevron engaged AMPOL, ES&H, Trussco, and P.S.C. to contain and clean up the oil.

On August 28, 2006, CLC filed a complaint in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, against Chevron, AMPOL, ES&H, Trussco, and P.S.C., alleging that the clean-up operations caused damage to its property and vegetation and exacerbated the conditions created by the oil spill.  (Rec. Doc. 1, ¶11).  CLC further claims that the Defendants' clean-up was insufficient and additional work must be done to remove the petroleum contamination from its property.

On November 22, 2006, Chevron removed the case to this Court, on grounds that jurisdiction existed due to diversity of citizenship, 28 U.S.C. § 1332, because AMPOL, ES&H. Trussco, and P.S.C. were improperly joined for purposes of defeating jurisdiction.  On December 19, 2006, CLC filed a motion to remand.  (Rec. Doc. No. 5).  The Court granted CLC's motion to remand on the basis that Chevron's removal was untimely.  (Rec. Doc. No. 17)  Specifically, the Court held that Chevron failed to remove the action within 30 days after receipt of service by AMPOL pursuant to the "first served" rule.

**II.     The Motion**

Chevron moved requesting that the Court reconsider its Order granting CLC's motion to remand.  Chevron argues that the Court has committed a manifest error of law by finding that Chevron's removal was untimely.  Specifically, Chevron argues that federal

jurisprudence establishes that service upon an improperly joined defendant does not constitute a "first served defendant" for the purpose of the thirty day removal requirement. Chevron argues that the Court held that AMPOL was improperly joined, but AMPOL's date of service as an improperly joined defendant did not commence the thirty day time period for removal under § 1446(b).

In opposition, CLC argues that the Court lacks jurisdiction to hear the Motion under 28 U.S.C. § 1447 which states that a remand order pursuant to § 1447(c) is not reviewable by any federal court, no matter not erroneous the decision may be. Alternatively, CLC argues that the Court properly applied the first served defendant rule and, accordingly, Chevron's removal was untimely.

**III.    Law and Analysis**

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). The Supreme Court has held that § 1447(d) applies to remands based on the grounds specified in § 1447(c), "that is, a defect in removal procedure or lack of subject matter jurisdiction." *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2152 (2006) (*citing Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343-45 (1976)). While the Supreme Court has approved appellate review of remand orders in certain situations, such as a remand based on a district court's crowded docket and remand  based on abstention, the Supreme Court has "relentlessly repeated that any remand order issued on the grounds specified in § 1447(c) is immunized from all forms of appellate review, whether or not that order might be

deemed erroneous by an appellate court." *Id.* (*quoting Thermtron*, 423 U.S. at 351) (quotation marks and brackets omitted).  The Fifth Circuit has stated that the prohibition against appellate review of a remand order is "limited to those situations where the district court's remand order is grounded either upon subject matter jurisdiction or a timely filed § 1447(c) motion asserting a defect in removal." *Albarado v. S. Pac. Transp. Co.*, 199 F.3d 762, 764 (5th Cir. 1999).  This also means that a remand order may not be reconsidered by a district court.  *New Orleans Pub. Svr., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986); *Crossroads of Texas, LLC v. Great-West Life & Annuity Ins. Co.*, No. Civ. A. V-05-89, 2006 WL 305793, *1 (S.D. Tex. Feb. 8, 2006).

Here, the case was remanded based on a defect in removal procedure, specifically that Chevron failed to remove the action within the thirty days required by section 1446(b) after the application of the first served rule.  The Plaintiff filed a motion to remand within thirty days of removal asserting numerous grounds for remand, including the fact that Chevron failed to remove the action within thirty days.  The Order remanding the case was thus one based on the grounds specified in § 1447(c).  As a result, the Court is without jurisdiction to hear the Motion.

**V.     Conclusion**

Accordingly, Chevron's  Motion for New Trial and/or Reconsideration of Remand Order Motion to Remand is hereby DENIED.

New Orleans, Louisiana, this  15th  day of August, 2007.

_____

UNITED STATES DISTRICT JUDGE